# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 12-M- 2173 |
| DANIEL C. GILLICK<br>CHRISTINE GUILFOYLE | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about November 26 and on or about November 27, 2012, in the Western District of New York, the defendants, DANIEL C. GILLICK and CHRISTINE GUILFOYLE, did knowingly, intentionally and unlawfully possess, and attempt to possess, a quantity of cocaine and cocaine base, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 844(a) and 846, and Title 21, United States Code, Section 2.

This criminal complaint is based on these facts:
☒ Continued on the attached sheet.

JOHN E. TRABERT
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINSTRATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 28, 2012

*Judge's signature*

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT**

STATE OF NEW YORK  )
COUNTY OF ERIE     )    SS:
CITY OF BUFFALO    )

I, **JOHN E. TRABERT**, Task Force Officer (TFO) of the Drug Enforcement Administration (DEA), United States Department of Justice, Buffalo, New York, having been duly sworn, state:

1.  I am a Task Force Officer with the Drug Enforcement Administration ("DEA") and as such, I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substance Act of 1970, Title 21 of the United States Code (USC), as amended. As a Task Force Officer with the DEA, your affiant is also an investigative law enforcement officer of the United States of America within the meaning of Section 2510(7) of Title 18 United States Code (USC). I have been employed by the Drug Enforcement Administration (DEA) as a Task Force Officer since September 2011. Prior to being assigned to the DEA, I was a Police Detective with the Town of Amherst Police Department and served in that capacity for approximately eight years. Prior to be assigned as a Detective, I served as a Patrol Officer for approximately twelve years.

1

During my Law Enforcement career, I have participated in investigations targeting the smuggling, trafficking, and distribution of narcotics. I also periodically attend training courses as part of my employment. Based on my training, experience in law enforcement and conversations with the DEA Special Agents, Task Force Officers and other law enforcement officers, I am familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold and used by individuals involved in drug trafficking activities.

2. This affidavit is based upon your affiant's personal knowledge, information provided by other law enforcement personnel, and evidence obtained during this investigation. Because this Affidavit is submitted for a limited purpose, it does not contain all known aspects of the investigation. As a result of working on this case with other Special Agents, Task Force Officers and Diversion Investigators of the DEA Buffalo Resident Office (RO), and the FBI's Healthcare Fraud Task Force, I am familiar with the circumstances of the offenses described in this Affidavit. This affidavit is being submitted in support of application for a Criminal Complaint charging Christine D. GUILFOYLE and Daniel GILLICK, with violations of Title 21 of the United States Code, Section 844(a) and Title 18, United States

Code, Section 2, possession of crack cocaine, a Schedule II controlled substance.

## INTRODUCTION

3. Since approximately November of 2012, the DEA Buffalo Resident Office has been investigating the narcotics activities of Daniel GILLICK, MD. According to the initial information obtained by the DEA, GILLICK is an emergency room physician at the Medina, NY Memorial Hospital and the Schuyler Hospital in Montour Falls, NY, who was an abuser of cocaine.

4. Furthermore, the DEA Buffalo RO learned that GILLICK resided with a drug-addicted female named Christine GUILFOYLE and that GILLICK, at times, provided GUILFOYLE with monies to purchase cocaine, crack cocaine and heroin from multiple sources of supply in the greater Western New York area. GUILFOYLE would then ingest the aforementioned controlled substances with GILLICK and/or others.

5. After several weeks of investigation, which included, but was not limited to, telephone records analysis and surveillance operations, it was determined that GUILFOYLE did, in fact, engage in the illicit use of controlled substances,

3

including cocaine, crack cocaine and heroin, and other controlled substances.

## PROBABLE CAUSE

6. On 11-27-2012, DEA Buffalo RO Special Agents and Task Force Officers of the DEA Tactical Diversion Squad (TDS) ascertained that Christine GUILFOYLE was traveling to Niagara Falls, NY in a black Jeep Grand Cherokee bearing NY registration (ETN-2280). That vehicle is registered to Daniel GILLICK at 230 Main Street, Youngstown, NY. Members of the DEA TDS believed that GUILFOYLE would attempt to obtain a quantity of cocaine, crack cocaine and/or heroin for her consumption and/or possibly GILLICK'S consumption as well. During the surveillance, TFOs Mark Fowler, Laura Pittorff, Patrick McMahon, and Christopher Hoffhines observed GUILFOYLE commit numerous traffic infractions, including by not limited to speeding, passing steady red lights, illegal U-turns, driving the wrong way down a one way street and numerous failures to stay in her own lane. The TFOs also observed GUILFOYLE meet with multiple persons in various areas of Niagara Falls, NY. It appeared to the TFOs, that in addition to the erratic, reckless and unlawful driving, GUILFOYLE was engaging in illegal controlled substance transactions.

7.   At approximately 2:00 pm, the TFOs conducted a vehicle stop of the Jeep Grand Cherokee operated by GUILFOYLE. GUILFOYLE had a cellular telephone in her hand. TFO Mark Fowler asked GUILFOYLE to step out of her vehicle and she eventually complied. At that time, TFO Fowler and TFO Trabert observed small, off-white, rock-like substances on GUILFOYLE'S seat. The TFO's tentatively identified the substance as crack cocaine and placed GUILFOYLE under arrest and conducted a sweep of the vehicle. GUILFOYLE and the vehicle were then transported to the DEA Buffalo RO for processing. At the Buffalo RO, TFO Trabert, DI Joseph Cowell and DI Joseph Suminski submitted a small sample of the seized crack cocaine to a presumptive field test. That test yielded a positive indication for the presence of cocaine.

8.   GUILFOYLE later told investigators that GILLICK provided her money to purchase the crack cocaine that she possessed on November 27, 2012. Investigators subsequently learned that the crack cocaine was to be transported to GILLICK at his residence in Youngstown, NY, where it was to be smoked by GUILFOYLE and GILLICK. Unbeknownst to GUILFOYLE, DEA personnel substituted the authentic crack cocaine that was originally possessed by GUILFOYLE with fake or "sham crack cocaine." The sham crack cocaine resembled real crack cocaine.

5

9.   On November 27, 2012, members of the DEA-BRO observed CHRISTINE GUILFOYLE enter DANIEL GILLICK's residence, located at 230 Main Street, Youngstown, NY.  Shortly after observing GUILFOYLE enter GILLICK's residence, agents executed a Federal search warrant at GILLICK's residence.  Further investigation revealed that GUILFOYLE had presented a quantity of "sham crack cocaine" to GILLICK.  Additionally, it was determined that GILLICK and GUILFOYLE were about to smoke the crack cocaine together.  Agents seized a plastic tube near the sham crack cocaine, which was located in aluminum foil on GILLICK's kitchen table.  Based on the training and experience of law enforcement officers, this type of plastic tubing is often used to smoke crack cocaine.

10.   DEA Inv. Joseph Cowell and Joseph Suminski interviewed GILLICK with respect to his involvement with drugs.  This interview was conducted after GILLICK was read his Miranda warnings, and GILLICK agreed, in writing, to waive his rights. GILLICK provided a sworn statement to Investigators in which GILLICK admitted to using crack cocaine and injecting powder cocaine on the previous night (November 26, 2012) with GUILFOYLE.  GILLICK also admitted to using cocaine for the past two years.

**WHEREFORE**, based on the foregoing, your affiant has probable cause to believe that DANIEL C. GILLICK and CHRISTINE GUILFOYLE committed violations of 21 U.S.C. §§ 844(a) and 846, and 18 U.S.C. § 2, possession, and attempted possession, of cocaine and cocaine base, both Schedule II controlled substances. Your affiant respectfully requests that a Criminal Complaint be issued based on the foregoing.

_____
JOHN E. TRABERT
Task Force Officer
U.S. Drug Enforcement Administration

Sworn to before me this
28th day of November, 2012.

_____
HONORABLE HUGH B. SCOTT
United States Magistrate Judge